UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

William B. Milham,

        Plaintiff,

   v.
                                       MEMORANDUM OPINION AND ORDER
                                       Civil No. 15-3333 ADM/LIB

Robert G. White,

        Defendant.

_____

Konstandinos Nicklow, Esq., Meshbesher & Spence, Ltd., Minneapolis, MN, on behalf of Plaintiff.

Dyan J. Ebert, Esq., Quinlivan & Hughes, PA, Saint Cloud, MN, on behalf of Defendant.

_____

## I.  INTRODUCTION

On May 9, 2016, the undersigned United States District Judge heard oral argument on Defendant Robert White's Motion for Summary Judgment, Motion to Dismiss for Lack of Personal Jurisdiction, or in the alternative Motion to Transfer Venue [Docket No. 26].  For the reasons set forth below, Defendant's motion is granted in part and denied in part.

## II.  BACKGROUND

This dispute arises out of sexual abuse that allegedly occurred between 1968 and 1976. See generally Am. Compl. [Docket No. 24].  During that time period, Plaintiff William Milham, from age 10 to 18, belonged to Boy Scout Troop 5 (subsequently renumbered Troop 205) in Kalamazoo, Michigan.  Milham Aff. [Docket No. 39] ¶ 3.  One of Troop 5's Scoutmasters was Defendant Robert White.  White Aff. [Docket No. 29] ¶ 1.

Milham and White took multiple trips together through their involvement in Troop 5. Milham Aff. ¶¶ 4–6; White Aff. ¶ 3.  The Troop held "monthly events including camping,

hiking, biking, and skiing" as well as an annual "High Adventure Trip." White Aff. ¶ 3. Most of the High Adventure Trips are recounted in detailed log books written by one of the troop leaders and distributed to the participants at the conclusion of each trip. Id. The log books indicate that Milham and White were together on a 1971 trip to Grand Teton National Park, a 1973 trip to the National Jamboree in Idaho, a 1974 trip to the National High Adventure Park in Maine, a 1975 trip to the National Outdoor Adventure Center in Kentucky, and a 1976 trip to Europe. Kjellberg-Nelson Aff. [Docket No. 30] Ex. G.[1]

Milham and White also took trips alone together. Milham alleges that White took him on trips to White's home in Kalamazoo, Michigan; White's lake house in Grass Lake, Michigan; White's home in St. Petersburg, Florida; and Camp Rota Kiwan in Texas Township, Michigan. Milham Aff. ¶ 6.

Milham claims that White sexually abused him during all these trips. Id.; Am. Compl. ¶¶ 12–15. He alleges that White abused him more than 100 times in a total of 22 states.[2] Id. The only allegation of abuse in Minnesota is alleged to have occurred at the Northern Lights Wilderness Campground in Park Rapids. Milham Aff. ¶ 7; Am. Compl. ¶ 15. That trip occurred sometime "during the early 1970s" and "may or may not have included Troop 5." Milham Aff. ¶ 7; Am. Compl. ¶ 15. White denies having ever been to the Northern Lights Wilderness

---

[1] Milham objects to the log books as an exhibit to White's motion. See Mot. Strike Pleading [Docket Nos. 36, 56]. The Court will not decide that issue, however, because the information contained in the log books does not affect the outcome of White's motion to transfer.

[2] Milham alleges White abused him in Wyoming, New Mexico, California, Florida, Michigan, Montana, Nebraska, South Dakota, Wisconsin, Missouri, Maine, South Carolina, North Carolina, Maryland, Pennsylvania, Massachusetts, Oklahoma, Rhode Island, Utah, Vermont, West Virginia, and Minnesota. Am. Compl. ¶ 14.

Campground or Park Rapids, either alone or with Milham. Kjellberg-Nelson Aff. Ex. H, No. 7.

Apart from the alleged trip to Park Rapids, the parties have had limited contact with Minnesota. The log books indicate that they both traveled through the state on their way to the 1973 National Jamboree in Idaho. Kjellberg-Nelson Aff. Ex. G at RGW-260. Milham also visited relatives in Minnesota once or twice in the early 1970s. Id. Ex. A, No. 10. White attended a Boy Scout camping trip in Minnesota in 1988, but that was more than 10 years after Milham left Troop 5. White Aff. ¶ 4. Currently, Milham resides in Arizona and White resides in Michigan. Am. Compl. ¶¶ 1–2.

Milham filed this lawsuit on June 22, 2015 in Minnesota state court alleging that White engaged in sexual abuse as defined by Minn. Stat. § 541.073, subd. 1. Compl. [Docket No. 1-1] at ¶¶ 18–20. White removed the case to federal court based on diversity jurisdiction on August 19, 2015. Notice Removal [Docket No. 1].

### III. DISCUSSION

White has brought a Motion for Summary Judgment, Motion to Dismiss for Lack of Personal Jurisdiction, or in the alternative Motion to Transfer Venue. Because transferring this case to the Western District of Michigan is appropriate, the remaining parts of White's motion will not be addressed here.

Section 1404(a), the general transfer provision, provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[3] 28 U.S.C. § 1404(a). In

---

[3] Under § 1404(a), a court must first determine whether the action "might have been brought" in the proposed transferee district. There is no dispute that this action could have been brought in the Western District of Michigan.

analyzing a motion to transfer under § 1404(a), a district court employs a three-factor balancing test that considers "(1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." Terra Int'l Inc. v. Miss. Chem. Corp., 119 F.3d 688, 691 (8th Cir. 1997). These factors are not exclusive, and a district court's decision on a motion to transfer "require[s] a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." Id. Ultimately, a district court enjoys "much discretion" when deciding whether to grant a motion to transfer. Id. at 697.

**A. Convenience of the Parties**

The first factor to consider under § 1404(a) is the convenience of each venue for the parties. "[T]he general rule is that transfer should not be granted if the effect is simply to shift the inconvenience from one party to the other." Valspar Corp. v. Kronos Worldwide, Inc., 50 F. Supp. 3d 1152, 1156 (D. Minn. 2014) (quotation omitted). Thus, in a typical case where the plaintiff has sued in its home forum and the defendant seeks to transfer to its home forum, the convenience-of-the-parties factor is neutral. Id. Where transfer would reduce the overall inconvenience to the parties, however, this factor may favor transfer. See id.; Nelson v. Soo Line R.R. Co., 58 F. Supp. 2d 1023, 1027 (D. Minn. 1999).

Minnesota is not the home forum of either party in this case. Milham is an Arizona resident, and White is a Michigan resident. Prior to this lawsuit, neither of them had even visited Minnesota for over 25 years. Litigating in Minnesota would inconvenience both parties.

Michigan, in contrast, is White's home forum. Litigating in Michigan would reduce the inconvenience to White without substantially increasing the inconvenience to Milham. Traveling from Arizona to Michigan is comparable to traveling from Arizona to Minnesota. And

4

although Milham retained Minnesota counsel, "it is axiomatic that convenience to plaintiff's counsel 'is not a factor to be considered in deciding the propriety of transfer.'" Nelson, 58 F. Supp. 2d at 1027 (quoting Hoppe v. G.D. Searle & Co., 683 F. Supp. 1271, 1276 (D. Minn. 1988)). Therefore, this factor favors transfer.

### B. Convenience of the Witnesses

The second factor to consider under § 1404(a) is the convenience of each venue for the witnesses. Relevant considerations under this factor include the number of essential non-party witnesses, their location, and the preference of the court for live testimony as opposed to depositions. Toomey v. Dahl, 63 F. Supp. 3d 982, 993 (D. Minn. 2014).

Minnesota is home to only one witness identified by the parties in this case: Milham's retained expert witness. The convenience of expert witnesses, however, is given little weight in the transfer analysis because expert witnesses "typically are well-compensated for their time and, accordingly, will travel to testify where needed." Klatte v. Buckman, Buckman & Reid, Inc., 995 F. Supp. 2d 951, 956 (D. Minn. 2014). While Milham objects to the increased cost, he could pay to have his Minnesota-based expert travel to Michigan for trial or retain a new expert based in Michigan.

Michigan, on the other hand, is home to a strong plurality of the witnesses identified by the parties.[4] The other witnesses are scattered across the country, and one lives overseas.

---

[4] Milham questions whether all of White's Michigan-based witnesses would have relevant, non-cumulative testimony to offer at trial. Milham is correct that the convenience-of-the-witnesses factor "should not be determined solely upon a contest between the parties as to which of them can present a longer list of possible witnesses located in the respective districts." Toomey, 63 F. Supp. 3d at 993 (quoting Nelson v. Master Lease Corp., 759 F. Supp. 1397, 1402 (D. Minn. 1991)). However, there is no question that Michigan is home to more lay witnesses than Minnesota. Neither party has identified a single lay witness located in Minnesota, whereas Milham's own witness list includes three Michigan residents.

Although travel by witnesses cannot be avoided entirely in this case, a transfer to Michigan will minimize such travel. The increased convenience to the Michigan-based witnesses outweighs the inconvenience to Milham's Minnesota-based expert. This factor favors transfer.

## C. Interests of Justice

The final factor to consider under § 1404(a) is the interests of justice. In assessing this factor, courts typically consider "(1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law." Terra Int'l, 119 F.3d at 696.

Milham argues that his choice of forum weighs heavily in his favor. Generally, there is a presumption in favor of a plaintiff's choice of forum, but courts give that choice significantly less deference when the plaintiff does not reside in the selected forum. Nelson, 58 F. Supp. 2d at 1026; see also In re Apple, Inc., 602 F.3d 909, 913 (8th Cir. 2010) ("This 'general' practice of according deference, however, is based on an assumption that the plaintiff's choice will be a convenient one."). As noted above, Milham does not reside in Minnesota or have any significant connection to Minnesota apart from this lawsuit. His choice of forum, therefore, is entitled little deference.

Milham also argues that Minnesota has a significant interest in providing a forum for this case because the underlying events occurred here. Actually, only one underlying event occurred in Minnesota—the alleged abuse at the Northern Lights Wilderness Campground in Park Rapids. Milham also alleges at least 100 other instances of abuse across 21 other states. Am. Compl. ¶¶ 12, 14. Michigan is where at least three instances of abuse occurred, because Milham alleges that White abused him at White's home, lake house, and a campground in that state. Milham

6

Aff. ¶ 6. Michigan was also home to Troop 5, the organization through which Milham and White came to know each other and travel together. Accordingly, Michigan has a stronger interest than Minnesota in providing a forum for this case. The interests-of-justice factor also favors transfer.

Together, the § 1404(a) factors overwhelmingly support transfer. This case will therefore be transferred to the Western District of Michigan.

### IV.  CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Robert White's Motion for Summary Judgment, Motion to Dismiss for Lack of Personal Jurisdiction, or in the alternative Motion to Transfer Venue [Docket No. 26] is **GRANTED IN PART and DENIED IN PART**, as follows:

    A. White's Motion for Summary Judgment is **DENIED**;

    B. White's Motion to Dismiss for Lack of Personal Jurisdiction is **DENIED**;

    C. White's Motion to Transfer Venue is **GRANTED**;

2. This case is transferred to the United States District Court for the Western District of Michigan.

The clerk of court shall close this case and transfer it to the Western District of Michigan.

BY THE COURT:


    s/Ann D. Montgomery  
ANN D. MONTGOMERY  
U.S. DISTRICT JUDGE

Dated:  May 26, 2016.